## Gould *versus* McKenna.

|  |  |
|---|---|
| 86 | 297 |
| d218 | 133 |

1. Where the owner of premises so constructs his roof that the rain-water collecting thereon flows against the wall of his neighbor, penetrating the same and causing damage, he cannot relieve himself of the responsibility for damage thus occasioned by showing that if the wall had been well built the water would not have entered.

2. The contributory negligence which bars a recovery for an injury, is that which co-operates in causing the injury; some concurring act or omission of the other party to produce the injury, not the loss merely, and without which the injury could not have happened.

3. Negligence which has no operation in causing the injury, but which merely adds to the damage resulting, is no bar to a recovery, though it will detract from the damages, and the jury must, in the assessment of damages, properly distinguish between the amount of damage arising from each cause and give a verdict for the damage arising from the defendant's negligence only.

February 14th 1878. Before AGNEW, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. SHARSWOOD and WOODWARD, JJ., absent.

Error to the Court of Common Pleas, No. 4, of *Philadelphia county:* Of January Term 1876, No. 146.

Action on the case for negligence, brought by Patrick E. McKenna, trading as Allen, Scott & Co., against John H. Gould, trading as Gould & Co.

[Gould *v.* McKenna.]

At the trial, before Elcock, J., it appeared that the plaintiff occupied a store on Second street, Philadelphia, adjoining one to the north, owned and occupied by the defendant. McKenna's building had a one-story back building, extending about one hundred feet to the rear, in which he kept his carpets, which were a part of his stock of goods. In 1871, Gould built a similar one-story back building, running back the same distance, in which he used the plaintiff's party-wall, and making his roof pitch southward or towards the plaintiff's. At the end of this building was a stable, which forms the eastern boundary of this rear building, and rises about twenty feet above the roof of it. The walls of the front building were also higher than the back building, and the roof of the latter was therefore converted into a sort of tank, enclosed on all four sides, first, by the wall of plaintiff's four-story building on the west; second, by the wall of plaintiff's four-story building on the north; third, by the stable to the east, and fourth, by the party-wall on the south, the battlement-wall of which rises about three and a half feet from the lowest point of the roof of plaintiff's rear building. For any accumulation of water upon the roof proceeding from a rain-fall, there was no possible escape, except either through the party-wall of defendant and plaintiff or a discharge-pipe, located at the southeast corner of said roof. The roof of plaintiff's back building was about seventeen feet in width, and sloped southward towards the party-wall between defendant and plaintiff, at a grade of between three-quarters of an inch or an inch to the foot. The roof was covered with tin, which, at its junction with the battlement-wall, was turned up at right angles and along the battlement-wall as an apron or flushing, to the height of about twelve inches.

On the 12th of August 1873, there was a very heavy rain-storm, and the water entered the plaintiff's building and damaged his goods. The plaintiff claimed that the water had risen above the apron or flushing, and had run over and through it and entered through the party-wall into the plaintiff's store, causing the damage of which complaint was made.

On the part of the defendant, it was contended that the water had entered the plaintiff's building by reason of defects in the wall, and that if the plaintiff had not placed his goods against the wall they would not have been damaged.

There was evidence, on behalf of the plaintiff, that the shelves on which the carpets were placed were about two inches from the party-wall, and that the water, trickling down the uprights, had occasioned the damage to the goods. There was also evidence that the goods of plaintiff had been once before injured by the rain in a similar way.

The plaintiff submitted the following points, which the court affirmed :—

3. That it was the duty of the defendant, the owner of premises

[Gould *v.* McKenna.]

adjoining those of the plaintiff, to prevent a concentration of rain-water upon his roof which might or could penetrate into plaintiff's premises, and the failure so to do rendered him liable.

4. That it was incumbent on the defendants to provide that no greater injury or damage should be inflicted upon the plaintiff through the concentration or accumulation of rain-water upon defendant's roof than if the said rain had fallen naturally upon his grounds, and that his failure so to do renders him liable.

5. That if the defendant failed to provide a sufficient drainage for rain-water falling on his roof adjoining the plaintiff's premises, he is guilty of negligence and therefore liable.

The following, among other points, were submitted by defendant, to which are subjoined the answers of the court :—

1. If the jury find that the water flowed into plaintiff's store through the wall above the apron or flushing of defendant's roof, owing to the open, loose and dilapidated condition of that part of said wall, they must give a verdict for defendant.

Ans. "I affirm that, if the apron or flushing of defendant was constructed as a prudent man in view of all the circumstances would construct such an apron or flushing."

2. If they so find the verdict must be for defendant, even though the water rose on defendant's roof above said apron or flushing owing to its inability to escape by the channel.

Ans. "Refused."

3. The defendant was not obliged to repair or take down the party-wall above the apron or flushing of his roof, however dilapidated it may have been, or to apply to the building inspectors to have it removed, nor was he liable for any injury which might arise from the dilapidated character of the wall.

Ans. "That I affirm ; but he was obliged to protect the wall from injury in consequence of water falling from his roof."

4. If the jury find that the roof on defendant's store was constructed in such a manner as to drain and carry off without injury to his neighbors the water from all ordinary rains, and further find that the rain which caused this injury was a very extraordinary and unusual rain, they must find for the defendant, though they find that the injury arose in whole or in part from the backing up of the water on defendant's roof above the flushing by reason of its inability to escape in the way provided for it.

Ans. "That I affirm ; if you find the flushing was constructed in such a manner as a prudent man would have constructed it."

In their general charge the court, inter alia, said :—

"The question, I think, practically narrows itself to a determination of the question, was the apron sufficiently high and sufficiently strong so that water could not flow through or over it ? If it was, then the defendant is not liable, for it makes no difference as to the size of the pipe which was connected with the roof for the

[Gould *v.* McKenna.]

water to escape; or whether, in fact, there was any there or not, if the defendant protected this party-wall in a manner in which a prudent or cautious man would for the purpose."

The jury, after retiring, came back into court and asked for instructions upon the following questions, to which are appended the answers of the court:—

1. If part of the water which damaged plaintiff's goods came from the top of the wall, can he recover?

Ans. " The plaintiff cannot recover for any injury occasioned by water from the top of the wall."

2. If yes, ought not the amount of damages claimed be reduced proportionately as the goods have been damaged by the quantity of water passing through the top of the wall? That is, if one-fourth, one-third, or one-half of the water that passed into plaintiff's store, damaging his goods, came from the top of the wall, ought the award of damages not be one-fourth, one-third or one-half less in proportion?

Ans. "You are sworn to determine the case according to the evidence. You must determine how the damage was occasioned. If by water from the top of the wall, plaintiff cannot recover. If the water came through the wall in consequence of the negligent or improper construction of defendant's roof, the plaintiff is entitled to damages—the amount you must determine from the evidence. If you can, from the evidence, determine that the water came from both sources, then you may award damages in proportion to the quantity which you find flowed from the source of the negligence. This you must determine upon the evidence."

The verdict was for the plaintiff for $1019.25, and after judgment the defendant took this writ, assigning for error the answers to the foregoing points and the portion of the charge noted.

*John C. Grady* and *E. Spencer Miller*, for plaintiff in error.— The wall was open at the top and on both sides. It permitted not only the water from defendant's roof but the rain to enter, both at the top and the sides. If it .had been well constructed, well pointed and tight, the water, if any, which rose on defendant's roof above the flushing would probably have done no harm. The plaintiff knew of the danger, for the year before a similar, though not so serious a loss had been sustained, and yet he did not choose to take any precaution whatever to guard against it. This has always been held to be negligence : Penna. Railroad Co. *v.* Weber, 26 P. F. Smith 157 ; Penna. Railroad Co. *v.* Beale, 23 Id. 504. In refusing the second point the court in effect decided that if the water from defendant's roof uniting with that which fell directly upon or against plaintiff's wall, both together, through plaintiff's negligence in regard to his wall, entered into his store, and through his negligence in the storage of his carpets, jointly injured them, then

[Gould *v.* McKenna.]

the defendant is still liable. How is the damage to be apportioned? There can be no contribution between wrongdoers. The plaintiff has done part of the damage which cannot be distinguished and cannot ask for contribution. It is impracticable for a court of law to apportion the damages: Railroad *v.* Norton, 12 Harris 465 ; Stiles *v.* Geesey, 21 P. F. Smith 439. How can the damage done by the accumulated water be distinguished from that done by the rain which fell directly against the wall and entered, and if the damage they respectively did cannot be apportioned, how can this action be maintained ?

*P. Duffy* and *John O'Byrne*, for defendant in error.—It was the duty of the plaintiff to guard against such an accumulation of water upon his roof as might reach the top of the battlement-wall. It was possible to foresee that the reservoir, surrounded as it was by four brick walls, might easily, in the event of the discharge-pipe being clogged up, or inadequate in size for its purpose, be filled with water from a heavy rain, which might rise even as high as the top of the battlement-wall.

If, therefore, the battlement-wall were in any sense defective or imperfect, it became more imperatively the duty of the plaintiff to protect McKenna's store from the possible filtration of water through the wall springing from its augmentation upon plaintiff's roof. The tin apron of plaintiff should and ought to have been made to cover and protect the whole of the battlement-wall, and also ought to have overlapped at least one-half of the top thereof. That apron, moreover, should have been itself water-tight.

The co-operating negligence which deprives one party of any right of action against the other, is, where the act which produced the injury would not have occurred but for the combined negligence of both.

When the effect of the negligence of one party is to produce injury to a certain extent in any event, even if the other party had been guilty of no negligence at all, then, though the negligence of the other party may have rendered the loss or injury greater than it would otherwise have been, still they are not the joint authors of all that has taken place, and it is possible to distinguish the amount of injury caused by the negligence of the one from the amount of injury caused by the negligence of the other. And in such a case the jury have a right to discriminate, and to hold a defendant responsible for damage arising from causes with which the plaintiff had no agency : Thomas *v.* Kenyon, 1 Daly 132 ; Bellows *v.* Sackett, 15 Barb. 96 ; Shearman and Redfield on Negligence, §§ 28, 29, 32; Phila. & Reading Railroad Co. *v.* Hendrickson, 31 P. F. Smith 182 ; Wharton on Negligence, §§ 131, 843.

Chief Justice AGNEW delivered the opinion of the court, February 25th 1878.

[Gould *v.* McKenna.]

As a whole, there was no error in the charge and answers to points. The instruction substantially was, that the defendant was liable for any insufficiency of the apron or flushing raised along the plaintiff's wall to carry off the water sent down against it by the defendant's roof. Having pitched his roof so as to carry the rain-fall against and into the wall, it was his duty to raise the apron or flushing so high as effectually to protect the plaintiff's store from being flooded by the water thus brought down. He had no right to carry the rain-fall on his premises into and upon the premises of the plaintiff. This was a wrongful act, which he could not justify by averring the openness of the wall of the plaintiff. But for the rain coming through the top of the wall, and not from the defendant's roof, he was not answerable. Any loss from that cause belonged to the plaintiff. Nor was the defendant liable for the flowage of an extraordinary rain, such as no experience or prudent forethought could have expected or guarded against, provided he had erected a sufficient apron or barrier against such as might be expected: Railroad Co. *v.* Gilliland, 6 P. F. Smith 445.

Coming to the question of contributory negligence, it is equally plain that the openness of the wall above the apron had nothing to do with the defendant's illegal act in casting the flowage of his roof against and into the wall. The wall was there before, and when the defendant pitched his roof against it his duty required him to protect the plaintiff against an act wholly his own. If the apron or barrier were insufficient to prevent the flow of the water through the wall into the plaintiff's store, the injury was one for which the defendant was alone responsible. It is true, the openness of the wall above an insufficient apron would increase the damage done to the goods in the store, but it did not cause the roof to be built or the pitch to be given to it, which threw the rainfall from the roof into the wall, and it did not, therefore, contribute to the act which produced the injury. But for the water falling through the wall above, and not brought down by the defendant's roof, the plaintiff alone was answerable, for the defendant had no part in causing it to flow there. Each cause of injury was independent of the other. Hence the instruction was proper to allow no damages for the water running into the store through the wall above, provided the apron or flushing was sufficient. True, it is difficult to apportion the damages arising from the insufficiency of the apron; but this cannot exempt the defendant from a positive injury done by casting the flowage of his roof into his neighbor's store. The rain-fall through the wall above a sufficient apron or barrier did not contribute to produce this injury, though it did add to the damage sustained by the plaintiff's goods. Hence it was the duty of the jury to apportion the loss according to the actual injury of the defendant, by separating it, as well as they could upon the evidence, from the loss arising from the openness of the wall above a sufficient apron.

[Gould *v.* McKenna.]

The evidence is a matter for the parties to consider and to produce. The contributory negligence which prevents recovery for an injury, is that which co-operates in causing the injury—some act or omission concurring with the act or omission of the other party to produce the injury (not the loss merely), and without which the injury would not have happened. A negligence which has no operation in causing the injury, but which merely adds to the damage resulting, is no bar to the action, though it will detract from the damages as a whole. Now, it is clear the open wall of the plaintiff bore no part in causing the defendant to build his roof and give it the pitch against the wall. The building of the roof and its pitch were the sole act of the defendant, and caused the injury to the extent of the flow of water from the roof. It was against this he was bound to protect the plaintiff. The difficulty of separating the damage from each independent cause may be great, but it does not change the nature of the tortious act of the defendant or relieve him from liability : Little Schuylkill Nav. Co. *v.* Richards's Adm'r, 7 P. F. Smith 146–7; Seely *v.* Alden, 11 Id. 302. The qualifications complained of in the answers to the points were necessary to keep before the minds of the jurors the liability of the defendant for the insufficiency of the apron or barrier put up by him along the wall.

Upon the whole, we discover no error to correct.

Judgment affirmed.