## Ansley *v.* City of Scranton, Appellant,

*Arbitration—Referee—Findings of fact—Municipality—Sewer—Negligence.*

Since a referee's findings of facts are as conclusive as a jury's verdict, it follows that unless a trial judge would have been bound to direct a compulsory nonsuit, had the case been tried before a jury, or direct a finding for the defendant, it is error to set aside the referee's report.

In an action of trespass against a city to recover damages for a loss sustained by the continuous obstruction of a sewer in a lumber yard for many years, a referee's finding that the plaintiff was guilty of contributory negligence in continuing to store the lumber year after year in the same place, has the force of a verdict, and should not be set aside, where it appears that the controverted question could not be determined by any fixed and determinate standard of duty, but was a mixed question which called for a consideration of all the facts.

Argued Feb. 26, 1907.    Appeal, No. 72, Jan. T., 1907, by defendant, from order of C. P. Lackawanna Co., Jan. T., 1902, No. 320, dismissing exceptions to referee's report in case of Mary C. Ansley and Edward Ansley, Executors of the Estate of Joseph Ansley, deceased, v. City of Scranton.    Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ.    Judgment modified.

Trespass to recover damages for injuries sustained by the obstruction of a sewer in a lumber yard.

The case was tried before J. W. Carpenter, Esq., referee.

The facts are stated in the opinion of the Supreme Court.

The referee by his first report found in favor of the plaintiff for $3,767.

The court sustained exceptions to the report, and in a second report the referee awarded the plaintiff $10,902.

*Error assigned* was in dismissing exceptions to referee's second report.

*David J. Davis,* city solicitor, with him *H. R. Van Deusen,* assistant solicitor, for appellant.

*Edward W. Thayer* and *George M. Watson,* for appellees.

OPINION BY MR. JUSTICE STEWART, May 6, 1907:

If, upon consideration of all the evidence in the case, it could be said that continuing to store lumber year after year in the place where the damages were sustained was not negligence, this judgment should be sustained; otherwise it must be so modified as to accord with the law and the facts. The referee before whom the case was tried found, with respect to this item of plaintiff's claim, which is the only one controverted, that it resulted from the concurring negligence of the parties. Upon exceptions filed, the court reversed this finding of the referee, and recommitted the report, with instructions that plaintiff's claim be allowed, on the ground that the evidence did not disclose contributory negligence. Since a referee's findings of fact are as conclusive as a jury's verdict, it follows that unless a trial judge would have been bound to direct a compulsory nonsuit, had the case been tried before a jury, or direct a finding for the defendant, it was error to set aside the referee's report: Bruch v. Philadelphia, 181 Pa. 588.

The facts are these: Joseph Ansley, whose estate is here represented by his executors, plaintiffs in the action, was the owner of several adjoining lots of ground in the city of Scranton, which he had occupied for many years prior to his death in 1901, in conducting a general lumber business. One of these lots, and the only one that concerns us to inquire about, was used largely, if not exclusively, for the storage of lumber; the improvements thereon consisting of barns, sheds and unenclosed skidways. In 1887 the city of Scranton constructed a sewer along a natural water course which extended through this lot. Very shortly thereafter some of the stones covering the sewer becoming displaced fell within the sewer, and, with the accumulation of culm, dirt and refuse resulting, formed an obstruction which rendered the sewer inadequate for the purpose intended. As a consequence, after any considerable rainfall, water would be discharged from the sewer at the point of obstruction and the plaintiff's lot would be wholly inundated. These inundations began with the construction of the sewer in 1887, and were repeated several times each year thereafter until the bringing of this suit in December, 1901. Damages were claimed in the action for injury to lumber by this flooding of the lot covering a period of six years next

preceding the bringing of the action.    It was shown that during this period the lot had been flooded some thirteen times; that such flooding was to be expected after any considerable fall of rain, and that during no year had the lot escaped. Notwithstanding this condition of things, with full knowledge that the obstruction remained, the owner of the lot continued to use it with the conveniences thereon, excepting a barn which he had abandoned as no longer available because of the flooding, just as he had done before, storing his lumber in the sheds and on the skidways where it was exposed to whatever injuries these recurring floods might work.    Beginning with 1896 a record of these floods was kept by several of plaintiff's witnesses, with an inventory and appraisement of the damage sustained on each occasion.    These damages included cost of cleaning up the barns after each flood, the repairs made necessary, the rental value of the abandoned barn, and injury to stored lumber, with the cost of repiling the same.    The last two items alone are disputed.    The others were allowed by the referee and entered into the judgment rendered.

The defendants' negligence is not questioned.    Here was an obstruction in a public sewer easily removed, of the existence and continuance of which the city authorities had repeated notice, and notice as well of the injury it was occasioning the owner of the lot.    Notwithstanding, it was allowed to remain during all this period.    Defendants' negligence conceded, did the situation as determined by this negligence impose any duty upon the owner of the lot with respect to its continued use as a place for storing lumber, or, if used, with respect to the manner in which the lumber was to be stored or piled ?    The referee found " that plaintiff's testator was guilty of contributory negligence in replacing his lumber and other personal property where he was bound to know from prior experience that it was likely to be flooded and injured with the recurrence of every considerable rainstorm, and there is no evidence that any of the storms were extraordinary." It is not necessary that the contributory negligence relied upon should have been an operating cause to produce the injury ; if it be shown to have enhanced the damages, to whatever extent this is true, it is sufficient defense : Gould v. McKenna, 86 Pa. 297.    In the present case it is set up as a defense not to the

action, but to the claim for injuries to lumber.   The court below on a review of the evidence reached a different conclusion from that of the referee, and was of the opinion that the facts did not warrant an inference of contributory negligence, inasmuch as there was no finding that the obstruction in the sewer was of a permanent character ; the argument being that the repair of the sewer was a continuing duty resting on the city, and that the owner of the lot was under no duty to anticipate its neglect.   It is not for us to inquire which of these conflicting views is better supported by the facts.   The duty of repairing the sewer was unquestionable and a continuing one ; and it is true that ordinarily one is not bound to anticipate the negligence of another ; but the negligence existing and obvious, the danger thereby threatened is to be avoided rather than invited.   To what extent one must go to avert the mischief depends upon the circumstances of the case and the situation of the parties with respect thereto.   Whether, with Ansley's knowledge that the cause of the flooding of the lot was this obstruction which the city had allowed to remain in disregard of his repeated notices since 1887, subjecting his land to overflow year after year during a period of nine years preceding the period for which damages are claimed, and in view of the further fact that an inspection of the sewer at any time would have made it apparent to him that its condition was unchanged, it was less than ordinary prudence in him to continue to store his lumber upon his lot, was a question that could not be determined by any fixed and determinate standard of duty.   Under the evidence it became a mixed question which called for consideration of all the facts, not only those relating to the cause of the floodings, their frequency and regularity, but the situation and surroundings of the parties as determined thereby.   Had the case been tried before the jury, a submission of the question could not have been avoided.   The jury's determination would have been final, and we must allow like effect to follow that of the referee, who by agreement of the · parties was substituted for the jury.   The referee in his first report awarded the plaintiffs the sum of $3,767, covering other items of damage than injury to lumber.   In his second report, under directions from the court, he added to this as compensation for damage to lumber, the cost of removing and replacing

same, $4,020, and the additional sum of $1,608 as compensation for detention of payment for six years and eight months from March 4, 1900. In view of our determination of the question involved, these additions must be eliminated, except a proportionate amount of the sum awarded for detention.

The finding of fact by the referee in his report is adopted and the judgment is now modified by reducing the amount thereof to the sum of $5,274, with costs.