# Wahl, Appellant, *v.* Vetter.

*Waters—Diversion of waters—Trespass—Alley—Evidence—Case for jury.*

1. Each of two adjoining landowners has definite rights to the use and enjoyment of his property, and each must concede something for the preservation of the other. Where conflict is irreconcilable, right to use one's own must prevail, but the owner may do so without compensation only where the resulting damage is not avoidable at all, or where the expense of obviating it would be practically prohibitory.

2. In an action to recover damages for injuries to a building by water, the case is for the jury where the plaintiff shows that the injuries were caused by a broken spout and a defective hydrant maintained on the defendant's land, and that these defects could have been easily remedied.

Argued Oct. 8, 1908. Appeal, No. 67, Oct. T., 1908, by plaintiff, from order of C. P. No. 5, Phila. Co., Dec. T., 1903, No. 370, refusing to take off nonsuit in case of Christiana M. Wahl v. Casper Vetter. Before RICE, P. J., PORTER, HENDER-SON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Trespass to recover damages for injuries to a building.  Before RALSTON, J.

The opinion of the Superior Court states the case.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*P. A. Wildermuth,* for appellant.—The defendant collected the rain waters that fell upon his shed into a broken spout, from which it was cast upon plaintiff's property.  Clearly he is liable for resulting injury: Kauffman v. Griesemer, 26 Pa. 407; Gould v. McKenna, 86 Pa. 297; Miller v. Laubach, 47 Pa. 154; Hays v. Hinkleman, 68 Pa. 324; Rhoads v. Davidheiser, 133 Pa. 226; McMahon v. Thornton, 5 Pa. Superior Ct. 495; Meixell v. Morgan, 149 Pa. 415; Jutte v. Hughes, 67 N. Y. 267; Pfeiffer v. Brown, 165 Pa. 267; Craig v. Borough of Shippensburg, 7 Pa. Superior Ct. 526; Patterson v. Dushane, 115 Pa. 334; Cover v. Manaway, 115 Pa. 338.

*William T. Connor,* with him *John R. K. Scott,* for appellee.— That a person owning land has a right to have the water therefrom flow through a natural drain, and is not bound to get rid of the water in any other way, has been established by authority: Sowers v. Lowe, 20 W. N. C. 76.

OPINION BY ORLADY, J., February 26, 1909:

The plaintiff and defendant are owners of adjoining property, separated by a two-foot wide alley.  On the defendant's property there is a shed covering a space of about sixty by twenty-two feet.  The natural rainfall accumulating on the roof of this building is collected by gutters to one point and there discharged through a six-inch rain conductor at the alley line.  This down-spout or conductor was broken a few feet from the ground, so that the water was diverted over the alley, instead of flowing into the place arranged for its vent at the end of the spout.  No drain or any other arrangement was provided by the defendant to carry the accumulated water from his land.  The

defendant also maintains on his premises a stable for horses, and there is a water hydrant connected with the stable that was in such a state of bad repair that water flowed therefrom continuously.

This action of trespass was brought to recover damages caused by the accumulation of the water and the discharge thereof upon the plaintiff's premises by which her building was injured. At the conclusion of the plaintiff's testimony, the court granted a motion for nonsuit.

After a full examination of the testimony, we are convinced that a jury would have been warranted without further evidence, in concluding that the defective rainspout and hydrant were the direct cause of at least some of the injuries complained of by the plaintiff; and that these defects could have been easily remedied. The natural fall of water on the defendant's premises could have been directed either over his own land, or on the public street, or the private alley in such a way as practically to obviate all damage. As was said in Pfeiffer v. Brown, 165 Pa. 267, " It is not to be lost sight of that the defendant's right to injure another's land at all, to any extent, is an exception, and the burden is always upon him to bring himself within it. And his exception is founded on necessity and because otherwise he would be deprived of the beneficial use and enjoyment of his own land. Unless that would be the substantial result of forbidding his action, he is not within the immunity of any of the cases. . . . If the expense of preventing the damage from his act is such as practically to counterbalance the expected profit or benefit, then it is clearly unreasonable, and beyond what he could justly be called upon to assume. If, on the other hand, however large in actual amount, it is small in proportion to the gain to himself, it is reasonable in regard to his neighbor's rights, and he should pay it to prevent the damage, or should make compensation for the injury done. Between these two extremes lies a debatable region where the cases must stand upon their own facts, under the only general rule that can be laid down in advance, that the expense required would so detract from the purpose and benefit of the contemplated act, as to be a substantial deprivation of the right to the use of one's own property.

If damage could have been prevented short of this, it is injuria which will sustain an action."

Each party has definite rights to the use and enjoyment of his property, and each must concede something for the preservation of the other. Where conflict is irreconcilable, right to use one's own must prevail, but the owner may do so without compensation only where the resulting damage is not avoidable at all, or where the expense of obviating it would be practically prohibitory: Campbell v. Bessemer Coke Company, 23 Pa. Superior Ct. 374; Farver v. American Car, etc., Company, 24 Pa. Superior Ct. 579; Gavigan v. Refining Company, 186 Pa. 604.

Without explanation or contradiction, the plaintiff's testimony shows that the defendant had control over the broken rainspout, as well as of the defective hydrant. Water accumulating in the spout should rightly be disposed of, so as not to damage an adjoining owner. The natural quantity of rainfall, and the flowage of water on the defendant's land, were so concentrated as to be directed either against the plaintiff's house or in close proximity to it. Whether the defendant did as claimed by the plaintiff's testimony, divert this water from its natural course on to the plaintiff's premises to her injury, was a question of fact which should be submitted to the jury: Miller v. Laubach, 47 Pa. 154; Magee v. Railroad Company, 13 Pa. Superior Ct. 187; Rhoads v. Davidheiser, 133 Pa. 226.

The judgment is reversed and a venire facias de novo awarded.