# Wilson *v.* McCluskey, Appellant.

*Waters—Drainage from roofs—Deposit of ashes—Contiguous city lots.*

1. Where an owner of a city lot with a building thereon, deposits ashes and dirt on his own lot, but near to his neighbor's line, and the eaves and water spouts of his building are so constructed that the waters from them carry the dirt and ashes on to the neighbor's land, he is liable in damages to his neighbor for the injuries sustained; and in an action to recover such damages, the court cannot say as a matter of law that it is the neighbor's duty to erect on his own premises a countervailing obstruction.

2. In such a case it is only incumbent upon the person injured to use reasonable exertion and reasonable expense, and the question is always whether the act was reasonable, having regard to all of the circumstances of the particular case. If he does not make a reasonable effort to minimize the damages, this goes only to the extent of a recovery, and not to the right of recovery.

Argued Dec. 2, 1912., Appeal, No. 23, Oct. T., 1912, by defendants, from judgment of C. P. Schuylkill Co., Jan. Term, 1909, No. 217, on verdict for plaintiff in case of James Wilson v. Bessie McCluskey and Peter McCluskey. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for injuries to land. See Wilson v. McCluskey, 46 Pa. Superior Ct. 594. Before SHAY, P. J.

At the trial it appeared that plaintiff claimed to recover

damages for injuries to his property in New Castle alleged to have been caused by the washing of ashes and dirt from defendants' lot on to the plaintiff's.

Defendants presented, inter alia, these points:

14. The uncontradicted testimony conclusively shows that the plaintiff, who owned the passageway and the fence to the south of his property, and the roof of his house, did nothing to prevent ashes and earth from banking up against his sills, allowed the dirt, ashes and sand to wash into his passageway, filling up same around the walls of the wells of his cellar windows, as high and higher than said walls, whereby the ashes and water would flow into his cellar and his drain, allowed the water to run from the roof of his own house to the cellar, permitted all these things without ever making any effort to protect his property from damage, he stood idly by and thus contributed to the damage of which he complains, and therefore he cannot recover. *Answer:* If the jury believe that the plaintiff, who owned the passageway and the fence to the south of his property, and the roof of his house, did nothing to prevent the ashes and earth from banking up against his sills, allowed the dirt, ashes and sand to wash into his passageway, filling up same around the walls of the wells of his cellar windows, as high and higher than said walls, whereby the ashes and water would flow into his cellar and his drain, allowed the water to run from the roof of his own house to the cellar, permitted all these things without ever making any effort to protect his property from damage, he stood idly by and thus contributed to the damage of which he complains, and he cannot recover. [1]

15. The uncontradicted evidence is that plaintiff contributed to the damage of which he complains, by standing idly by and allowing it to be done, when, as the evidence also shows, without contradiction, he had full and continuous cognizance of the damage he alleges was being done—and therefore he cannot recover. *Answer:* If the jury believe that the plaintiff contributed to the damage

of which he complains, by standing idly by and allowing it to be done, and if the jury believed he had full and continuous cognizance of the damage he alleges was being done, he cannot recover. [2]

17. Under all the evidence the verdict should be for the defendants. *Answer:* This we refuse, leaving it to you to say, under the instructions we have given you, and the evidence as you have heard it from the witness stand, what your verdict will be. [3]

Verdict and judgment for plaintiff for $100. Defendants appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*William Wilhelm,* for appellants.—The fourteenth, fifteenth and seventeenth points were framed according to the law as laid down in: Heil v. Glanding, 42 Pa. 493; Monongahela v. Fischer, 111 Pa. 9; Mattimore v. Erie, 144 Pa. 14; Marean v. N. Y. S. & W. R. R. Co., 167 Pa. 220.

*M. M. Burke,* with him *J. F. Mahoney* and *Edgar W. Bechtel,* for appellee, cited: Thomas v. Kenyon, 1 Daly, 132; Bellows v. Sackett, 15 Barb. 96; Gould v. McKenna, 86 Pa. 297.

OPINION BY RICE, P. J., February 27, 1913:

It was alleged in the plaintiff's statement of claim that the defendants, for a space of about thirty feet on the north side of their building, immediately adjoining plaintiff's property, deposited large quantities of dirt and ashes, and, for said length and to the width of about eight feet, raised and elevated the ground from a foot to four feet; also that, in the construction of their building, the defendants so arranged the waterspout that large quantities of rain water were discharged therefrom and flowed into and upon the plaintiff's premises, carrying with it ashes

and dirt which the defendants had thus deposited on their property. As there was evidence to support these allegations, it cannot be successfully contended that the court would have been warranted in giving the jury peremptory instructions that actionable negligence in thus locating the waterspouts had not been shown: Gould v. McKenna, 86 Pa. 297; Rielly v. Stephenson, 222 Pa. 252; Wahl v. Vetter, 38 Pa. Superior Ct. 234; Wilson v. McCluskey, 46 Pa. Superior Ct. 594. See, also, cases cited in note to Bishop v. Readsboro Chair Mfg. Co., 36 L. R. A. (N. S.) 1171. We discussed this question when the case was here before, and we need not go over the ground again. It is sufficient to say that there was evidence from which a jury could find that the defendants ought to have foreseen that the ashes they deposited close to the plaintiff's premises would be carried thereon, and that they did not exercise reasonable prudence in so constructing their eaves and waterspouts as to bring this about. The question clearly was for the jury, under the authorities above cited. But it is claimed that the uncontradicted testimony conclusively shows that the plaintiff, who owned the passageway and fence to the south of his property, did nothing to prevent ashes and dirt from backing up against his sills, allowed the dirt, ashes, and sand to wash into his passageway, filling up the same around the wells of his cellar windows, as a result of which the ashes and water flowed into his cellar and drain, and allowed the water to run from the roof of his own house to the cellar. It is argued that, as the plaintiff stood idly by and made no effort to prevent these things, he was guilty of contributory negligence and could not recover. In the view we take of the case, it is not necessary to go into a recital and analysis of the testimony for the purpose of showing that these facts were or were not conclusively established. Even if the facts be conceded, it does not necessarily follow, as a legal conclusion, that the plaintiff was guilty of contributory negligence which would absolutely bar recovery. Surely, it cannot be claimed that it was his duty to go on

the defendants' premises and change the eaves and water-spouts or remove the ashes deposited thereon by the defendants so that they would not be carried on his premises. Nor can it be declared, as matter of law, that though the defendants were negligent in so constructing their eaves and waterspouts as to cast roof water on his premises, carrying with it ashes and dirt, yet it was the plaintiff's duty to erect on his own premises a countervailing obstruction. This view was expressed by us when the case was here before, and, after full reconsideration of the question, we are not convinced that it is erroneous. "To what extent one must go to avert the mischief depends upon the circumstances of the cases and the situation of the parties with respect thereto:" Ansley v. Scranton, 218 Pa. 131. It was held in that case, which was an action of trespass to recover damages for loss sustained by the continuous obstruction of a sewer in a lumber yard for many years, that a referee's finding that the plaintiff was guilty of contributory negligence in continuing to store the lumber year after year in the same place, had the force of a verdict and should not be set aside, where it appears that the controverted question could not be determined by any fixed and determinate standard of duty. After stating the general principle we have above quoted, Justice STEWART said: "Under the evidence it became a mixed question which called for consideration of all the facts, not only those relating to the cause of the floodings, their frequency and regularity, but the situation and surroundings of the parties as determined thereby. Had the case been tried before the jury, a submission of the question could not have been avoided." It is well settled by many other authorities that it is only incumbent upon the plaintiff to use reasonable exertion and reasonable expense, and the question is always whether the act was reasonable, having regard to all of the circumstances of the particular case. It seems apparent, therefore, that the utmost the defendants could claim was that, whether under all the circumstances plaintiff was negligent in not erecting a counter-

vailing obstruction, was a question to be determined by the jury. But it may be said that after the ashes had been brought on the plaintiff's premises he ought to have removed them or done something to prevent them from being washed into his cellar. Let it be granted that he was negligent in not making reasonable effort to minimize the damages, this would only go to the extent of the recovery, and not to the right of recovery. Thus, in the case last cited, the plaintiff was permitted to recover for part of his loss, although as to another part, resulting from the same act of negligence on the part of the defendant, he was barred of recovery by his contributory negligence. The distinction between contributory negligence which bars the action, and contributory negligence which bars recovery for that part of the loss which might have been prevented by the exercise of ordinary prudence on the part of the plaintiff, is clearly brought out in Gould v. McKenna, 86 Pa. 297. That case is so directly in point that we feel warranted in quoting the syllabus at length, which was as follows: 1. Where the owner of premises so constructs his roof that the rain-water collecting thereon flows against the wall of his neighbor, penetrating the same and causing damage, he cannot relieve himself of the responsibility for damage thus occasioned by showing that if the wall had been well built the water would not have entered. 2. The contributory negligence which bars a recovery for an injury, is that which co-operates in causing the injury; some concurring act or omission of the other party to produce the injury, not the loss merely, and without which the injury could not have happened. 3. Negligence which has no operation in causing the injury, but which merely adds to the damage resulting, is no bar to a recovery, though it will detract from the damages, and the jury must, in the assessment of damages, properly distinguish between the amount of damage arising from each cause and give a verdict for the damage arising from the defendant's negligence only. We need not pursue the discussion further. Enough has been said to show that

binding direction for the defendants could not have been properly given. "It has frequently been stated that it is only in cases where the evidence is direct, certain, presenting no question of credibility and leaving no sufficient ground for inconsistent inferences of fact that the court may instruct the jury as to its legal effect:" Wertz v. Girardville Boro., 30 Pa. Superior Ct. 260. As all of the points the refusal of which constitutes the subjects of the several assignments of error, were for binding direction in the defendants' favor, they were properly refused.

The judgment is affirmed.