## Gentile et al., Appellants, v. DeVirgilis.

*Negligence—Dentists—Malpractice—Failure to extract root of tooth—Evidence—Experts—Proper practice.*

1. It is the duty of a patient to coöperate with his professional adviser. If he will not, or under the pressure of pain cannot, his neglect is his own wrong or misfortune, for which he has no right to hold his surgeon responsible.

2. A dentist cannot be charged with negligent malpractice in not extracting the root of a tooth at the time he removed the other part of the tooth, where it appears that the patient was far gone in pregnancy, and in a nervous condition, that the dentist told her to return the next day, but that she failed to do so for four days when infection had set in, that experts testified that it was not improper practice under the circumstances for the dentist to desist from continuing the operation and instruct the patient to return the following day, and that a specialist called by both sides testified that infection might follow extraction notwithstanding the dentist may have used the highest degree of care.

Argued April 19, 1927.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 205 and 206, Jan. T., 1927, by plaintiffs, from judgment of C. P. No. 2, Phila. Co., March T., 1925, No. 669, on directed verdict for defendant, in case of Francesco Gentile et ux. v. Vincenzo DeVirgilis.   Affirmed.

Trespass against dentist for malpractice.   Before STERN, P. J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for defendant.   Plaintiffs appealed.

*Error assigned,* inter alia, was direction of verdict for defendant, quoting record.

*Bernard J. Kelley,* with him *John J. McDevitt, Jr.,* for appellant.—The failure of defendant to remove the whole tooth on the day of plaintiff's first visit was negligence on his part: McMinis v. Transit Co., 288 Pa. 377.

The fact that plaintiff failed to return to defendant for further treatment the following day does not bar her recovery from him in an action for malpractice: Gould v. McKenna, 86 Pa. 297; McCandless v. McWha, 22 Pa. 261.

*Ralph B. Evans,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, May 16, 1927:

This suit to recover damages was brought against a dentist, who it is alleged was negligent in extracting a tooth. The parties plaintiff are husband and wife and the dentistry was performed upon the latter. The trial judge gave binding instructions in defendant's favor and from the resulting judgment against them plaintiffs appeal.

The female plaintiff (we shall hereafter speak only of her) was suffering with pain in her lower jaw. She was then eight months pregnant. At the suggestion of a neighbor she visited defendant at his office for the purpose of receiving professional attention. He advised extraction, to which she assented. He says he pulled only the root of a tooth, she that he extracted two teeth, one of which he broke off in so doing. For the purposes of this review, we assume the latter statement to be correct.

Plaintiff admits that after defendant extracted her teeth, he told her to go home, to use salt and water solution in her mouth, to apply an ice bag to the outside of her face, and to return to him the next day for further examination and treatment. This she did not do, but delayed seeing him for four days, by which time a serious condition had arisen in her jaw. Defendant upon then examining her immediately turned her over to a recognized expert, who after taking an x-ray picture removed the root of a tooth, which plaintiff alleges was the one which defendant broke. Plaintiff's condition grew worse and eventuated in her being sent to a hospital, where she was treated for osteomyelitis of her lower jaw, which is an inflammation of the bone or its surrounding membrane or both due to infection. As a result of this condition, she had to be operated upon and her face has become scarred, her jaw is shrunken, some of the bone having sloughed off, and she has trouble in masticating

food.   Claiming that this outcome was due to defendant's negligence, this action was brought.

The negligence alleged in the statement of claim was not the breaking of the tooth, but in allowing the root of it to remain in plaintiff's mouth.   All the doctors and specialists called as witnesses agreed that the mere fact that the tooth fractured in the extraction and that part of the root remained in the jaw, was not of itself, any evidence of lack of skill on the part of defendant.   This it was testified is a common occurrence in extracting teeth.   The failure to extract the root at the time when he pulled the other teeth is the basis on which recovery is sought.   We are of opinion that a finding of negligence on this basis could not be sustained under the evidence.   All of the experts who were called, including those summoned by plaintiff, agreed that under certain conditions, particularly where a patient is nervous as the result of an extraction and a tooth has broken, it is good practice not to continue the operation but to advise the patient to return at a later time to complete it by taking out the root.   The witnesses were in accord on the proposition that whether this would be good practice in any particular case depends upon the circumstances which confront the operator.   Here, the woman's pregnancy was a matter, so they all agreed, which had to be taken into account.   While it is true Dr. Attix, an expert called by plaintiff, did testify on direct examination that it would have been better practice to have had a specialist remove the root on the day of the original extraction, he modified his testimony on cross-examination by assenting to the proposition that, with a woman eight months pregnant, who was nervous about the pulling of her teeth, it might very well be that good practice would dictate that the dentist should not prolong the operation in an effort to remove the root immediately but should instruct the patient to return the following day to continue the extraction.

The testimony clearly establishes that it was not improper practice to desist from continuing the operation and to instruct the patient to return the following day. If she had done so, for anything that appears her trouble might have been completely alleviated and no further evil consequences might have happened to her. She did not, however, obey the dentist's instructions in this respect nor did she communicate with him the next day. She did not again appear before him until four days thereafter, when a condition of infection had arisen which demanded the attention of a specialist to whom defendant sent her. Under the facts shown we cannot see wherein it could be said that defendant was guilty of any negligence. "It is the duty of the patient to coöperate with his professional adviser,......but if he will not, or under the pressure of pain cannot, his neglect is his own wrong or misfortune, for which he has no right to hold his surgeon responsible": McCandless v. McWha, 22 Pa. 261, 268.

Appellant calls to our attention Gould v. McKenna, 86 Pa. 297, and argues from it that whether the plaintiff herself was negligent was a question for the jury. That case has no bearing on the one before us; it might have if the defendant had been preliminarily negligent and plaintiff had done something to increase the injury, but defendant was not proved to have been negligent in not removing the root of the tooth at the initial operation and in sending her home, advising her to return the next day. Her failure to act upon defendant's advice and to return to him at the time he directed, may have been the reason for all plaintiff's subsequent illness and distress. Certainly from the record it cannot be said, as alleged and attempted to be proved, that defendant's failure to extract the root of the tooth at the time he removed the other part was negligence. Indeed, in plaintiff's own case, by her witness, Dr. Attix, it was testified that the leaving in of the root would not necessarily bring on infection. It was also testified by plain-

tiff's specialist witness that in his professional opinion the infection with which plaintiff suffered was due to a condition which had existed previous to the extraction. He further said that he could not declare positively that anything defendant could have done would have prevented its development, only that if the tooth had been completely removed the conditions which supervened would have probably been less apt to occur. Dr. Duffield, the specialist to whom defendant sent plaintiff after she returned to him, a witness called by both sides, testified that osteomyelitis may follow extraction notwithstanding the dentist has used the most approved methods and the highest degree of care.

The court properly gave binding instructions for defendant. The judgment is affirmed.