## Miller *versus* Laubach.

*Relative rights and duties of adjoining landowners, as to draining water on and from their lands.*

1. The owner of land through which a stream flows may increase the volume of water therein by draining into it, without liability for damages to a lower owner; but he cannot, by an artificial channel, drain water standing upon his own land upon that of another.

2. In an action for damages caused by turning water from defendant's land upon that of the plaintiff, the charge of the court to the jury, that if they found that the defendant did collect water from his own land, and turn it in a body upon that of the plaintiff, through an artificial channel, to his injury, he was entitled to recover the damages he had sustained, was not error.

ERROR to the Common Pleas of *Northampton county.*

This was an action on the case by John Laubach against Nathan Miller, to recover damages for injury occasioned by the construction of a drain, whereby, as plaintiff alleged, certain springs of water known as winter springs, which were on defendant's land, rendering a portion of it wet and boggy, but doing no injury to the adjoining lands of plaintiff, were conducted from the springs to the line of Laubach's land, and then passed in a body across the division line, spoiling from one-fourth to one-half an acre of the land of plaintiff.

The defendant pleaded not guilty, and offered evidence to prove that as his land at the spring was some fifteen feet higher than that of plaintiff at the line, the water was only pursuing its natural course, and that as the ditch or drain was dug in the natural channel made by the stream, the injury occasioned by the increased quantity of water thereby thrown on plaintiff's land was not such a one as would entitle the plaintiff to maintain this action.

Under the ruling of the court below (MAYNARD, P. J.), there was a verdict and judgment for plaintiff. This writ was then sued out, and the following error assigned.

The court erred in charging the jury as follows: "If the jury find from the evidence that the defendant did so collect the water from his own land and turn it in a body upon the lands of the plaintiff through an artificial channel made by the defendant, and this was to the injury and damage of the plaintiff, he is entitled to recover such damages as you believe from the evidence he has sustained."

*Edward J. Fox* and *A. J. Knecht,* for plaintiff in error, cited and relied on Kauffman *v.* Griesemer, 2 Casey 413–14; Martin *v.* Riddle, Id. 416; Angell on Watercourses, § 337.

[Miller v. Laubach.]

*H. D. Maxwell* and *M. H. Jones*, cited McCoy *v.* Danley, 8 Harris 91; Bentz *v.* Armstrong, 8 W. & S. 41; Angell on Watercourses, § 335.

The opinion of the court was delivered, April 2d 1864, by

THOMPSON, J.—The portion of the charge to the jury in this case complained of as erroneous, is as nearly in accordance with the doctrine laid down in Kauffman *v.* Griesmer, 2 Casey 407, and Martin *v.* Riddle, reported in a note thereto at page 405, as possible or necessary. The grounds of recovery on the part of plaintiff, and on which there was a very decided preponderance of testimony, was, that there was wet or marshy ground on the defendant's land, occasioned by what was called winter springs by some of the witnesses, and which only saturated the earth without running off by a defined channel. To remedy this the defendant constructed a drain through the land thus saturated to the plaintiff's land, and there discharged the water which was accustomed to remain on his own, until carried off by evaporation. The plaintiff complained and proved that this rendered his land to the extent of from one-fourth to one-half acre wet and worthless. It was of such a state of facts that the learned judge said: "if the jury find from the evidence that the defendant did so collect the water from his own land, and turn it in a body upon the lands of the plaintiff, through an *artificial* channel made by the defendant, and this was to the injury and damage of the plaintiff, he is entitled to recover such damages as you believe from the evidence he has sustained." This is just the doctrine of the cases cited, and certainly the law of such a case.

No doubt the owner of land through which a stream flows, may increase the volume of water by draining into it, without any liability to damages by a lower owner. He must abide the contingency of increase or diminution of the flow in the channel of the stream, because the upper owner has the right to all the advantages of drainage or irrigation reasonably used as the stream may give him. But that is an entirely different thing from draining the water standing on the lands of one, through artificial channels, on to that of another. That cannot be done without his consent, and this was the substance of the charge below.

There was no error, and the judgment is affirmed.

AGNEW, J., was absent at Nisi Prius when this case was argued.