## Hoffman v. Rizzetto.

*Groman & Rapoport* and *David Getz,* for plaintiff.
*Robert E. Haas,* for defendant.

RENO, P. J., March 10, 1930.—Upon his motion to take off the compulsory non-suit, plaintiff is entitled to the benefit of all the favorable testimony as well as the legitimate inferences that may be drawn from it. Therefore, we find that plaintiff and defendant owned adjoining farms and that a spring upon defendant's land has for many years been drained from its source through a channel on defendant's lands and discharged upon plaintiff's lands at a certain point. Apparently, the place of discharge has been changed at times, but the point of the discharge is not material to the issue and need not be further considered. The complaint is that defendant placed an obstruction in the channel on his land, at a point "about 100 feet from the line fence in on his [defendant's] side," and as a result of this obstruction the water was diverted from the channel, spread over defendant's farm and covered a part of plaintiff's farm. The evidence was not clearly presented, but the above is, we think, a fair summary.

It thus appears that plaintiff, although the owner of the servient tenement, and, therefore, obliged to take waters which naturally and customarily flowed from defendant's dominant tenement, was injured, in that defendant diverted the waters from the channel in which they were wont to flow and thereby created, if not a new course, at least a new method of discharging the waters of the upper fields upon the lower. This was an actionable wrong and the plaintiff is entitled to recover: Rhoads *v.* Davidheiser, 133 Pa. 226. It must be conceded, of course, that defendant, as the dominant owner, "may improve his lands by throwing increased waters upon his inferior" owner, but this must be accomplished through "the natural channels" and must be "for the sake of agriculture:" Kauffman *v.* Griesemer, 26 Pa. 407. See, also, Miller *v.* Laubach, 47 Pa. 154; Rielly *v.* Stephenson, 222 Pa. 252; Meixell *v.* Morgan, 149 Pa. 415; Pfeiffer *v.* Brown, 165 Pa. 267. There is nothing in plaintiff's

650

testimony which indicates that defendant's act was done for "the sake of agriculture," and, hence, that principle does not, in the present aspect of the case, bar a recovery.

Plaintiff's proof of his damages was confusing and vague. Still, he was entitled at the least to nominal damages, and a non-suit should not have been entered because he failed to establish substantial damages in accordance with the correct measure of damages. Doubtless, on the occasion of the next trial, he will be better prepared upon this point.

Now, March 10, 1930, the compulsory non-suit is taken off.

From Edwin H. Kohler, Allentown, Pa.