Lucas et ux., Appellants, *v.* Ford et al.

Argued September 29, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*J. B. F. Rinehart,* for appellants.

*James W. Hawkins,* with him *Albert A. Sayers* and *Sayers & Hawkins,* for appellees.

OPINION BY MR. JUSTICE DREW, November 14, 1949:
This bill in equity was filed by Herman T. Lucas and Viola, his wife, plaintiffs, to enjoin Ford and Gaskill, defendants, a partnership engaged in the coal mining business, from allowing dirt and foreign substance to be washed onto their property. The learned chancellor filed an adjudication and entered a decree nisi dismissing the bill. Exceptions to that adjudication were overruled and the decree was made final. Plaintiffs now appeal setting forth as their only assignment of error the entry of the final decree.

In April, 1946, plaintiffs purchased a house and lot in Monongahela Township, Greene County.· That lot contains one and one-half acres and is bounded on the

west by the property of one John Erjabek. Defendants operate and maintain a coal tipple which abuts the northern line of plaintiffs' property and the Erjabek land and continues westward to State Highway No. 88. The contour of the land in that area is such that it descends sharply to the southeast from the state highway. The natural drainage of surface water from the land upon which defendants maintain their tipple is over the northern portion of the Erjabek land and thence across plaintiffs' property. In September, 1946, defendants constructed on the coal tipple property a scale and a road from that scale to the State highway. To prevent erosion of this road by surface waters running off the State highway, they installed two drainage pipes which carry the water along the natural water course and discharge it onto Erjabek's land. The water, which carries with it some oil, dirt and other sedimentation from the State highway, then continues to flow along the natural drainage line across the northern portion of plaintiffs' property. The construction of the drains has not resulted in any increase in the amount of surface water reaching the land of plaintiffs.

Plaintiffs contend that the injunction should be granted because the water flowing through the drains carries with it oil, dirt and sediment which are being deposited on their land continuously and which were not present prior to the construction of the drains.

The owner of upper land has the right to have surface waters flowing on or over his land discharged through a natural water course onto the land of another, but he may not cut an artificial channel to divert that water: *Rhoads v. Davidheiser*, 133 Pa. 226, 19 A. 400; *Miller v. Laubach*, 47 Pa. 154. He may make proper and profitable use of his land even though such use may result in some change in quality or quantity of the water flowing to the lower land: *Pfeiffer v. Brown et al.*, 165 Pa. 267, 30 A. 844; *Kauffman v. Griesemer*, 26 Pa. 407. If that

change is not unreasonable in relation to the use, any loss resulting to the owner of the lower land is damnum absque injuria: *Strauss v. Allentown* 215 Pa. 96, 63 A. 1073. In that connection, the upper owner may lay artificial drains in his land provided they do not divert the water from its natural course or cause unnecessary injury to the lower owner: *Meixell v. Morgan,* 149 Pa. 415, 24 A. 216.

From those rules it is clear that only where the water is diverted from its natural channel or where it is unreasonably or unnecessarily changed in quantity or quality has the lower owner received a legal injury. In the instant case, the learned chancellor found that the water reached plaintiffs' premises over its natural course, and was not increased in quantity. He further found that the use of the drains has resulted in no damage to plaintiffs. Where, as here, the final decree only is assigned as error, the correctness of the findings of fact is admitted and the sole question for our consideration is whether those findings support the decree: *Hoffman v. Kline et al.,* 300 Pa. 485, 150 A. 889; *Huff's Estate,* 299 Pa. 200, 149 A. 179; *Atlas Portland C. Co. v. Am. Brick & Clay Co.,* 280 Pa. 449, 124 A. 650. In view of the above mentioned findings the decree of the court below must be affirmed.

Also, an examination of the record convinces us that this appeal is without merit. The substances of which plaintiffs complain are not introduced into the water by defendants. The water flowing from the state highway carries those substances with it into defendants' drains. That water flows through and is discharged from the drains in the same state as it enters them. Moreover, prior to the construction of the drains, a road or tramway across the tipple had been rendered useless by erosion which resulted from the waters draining from the State highway. Under these facts, some type of drain-

age system was clearly necessary if defendants were to make profitable use of their property. The installation of drains under the road was a reasonable means of achieving that end.

There being no sound basis in fact or in law for plaintiffs' suit, the lower court properly dismissed the bill.

Decree affirmed. Costs to be paid by appellants.