Rau *v.* Wilden Acres, Inc., Appellant.

Argued January 7, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Nathan Reibman,* for appellant.

*Clinton Budd Palmer,* with him *Frank P. McCluskey,* for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, March 22, 1954:

This controversy is concerned with facts rather than law. It is an action by a landowner to enjoin the owner of higher, neighboring land from artificially draining surface water from his property onto that of the plaintiff.

From a multitude of authorities[1] the applicable law may be summarized as follows:

A landowner may not alter the natural flow of surface water on his property by concentrating it in an artificial channel and discharging it upon the lower land of his neighbor even though no more water is thereby collected than would naturally have flowed upon the neighbor's land in a diffused condition. One may make improvements upon his own land, especially in the development of urban property, grade it and build upon it, without liability for any incidental effect upon adjoining property even though there may result some additional flow of surface water thereon through a natural watercourse, but he may not, by artificial means, gather the water into a body and precipitate it upon his neighbor's property. Even a municipality, while not liable to a property owner for an

---

[1] *Kauffman v. Griesemer*, 26 Pa. 407; *Miller v. Laubach*, 47 Pa. 154; *Rhoads v. Davidheiser*, 133 Pa. 226, 19 A. 400; *Meixell v. Morgan*, 149 Pa. 415, 24 A. 216; *Pfeiffer v. Brown*, 165 Pa. 267, 30 A. 844; *Strauss v. Allentown*, 215 Pa. 96, 63 A. 1073; *Rielly v. Stephenson*, 222 Pa. 252, 70 A. 1097; *Lehigh & Wilkes-Barre Coal Co. v. Pittston Coal Mining Co.*, 289 Pa. 492, 137 A. 672; *Kunkle v. Ford City Borough*, 316 Pa. 571, 175 A. 412; *Morton v. Dormont Borough*, 334 Pa. 283, 5 A. 2d 803; *Lucas v. Ford*, 363 Pa. 153, 69 A. 2d 114; *Chamberlin v. Ciaffoni*, 373 Pa. 430, 96 A. 2d 140; *Wilson v. McCluskey*, 46 Pa. Superior Ct. 594; *Tess v. Charleroi Home Building Co.*, 96 Pa. Superior Ct. 505; *Markle v. Grothe*, 102 Pa. Superior Ct. 90, 156 A. 585; *Lare v. Young*, 153 Pa. Superior Ct. 28, 33 A. 2d 662; *Sweigart v. Burkholder*, 154 Pa. Superior Ct. 424, 36 A. 2d 181; *Beals v. Robertson*, 159 Pa. Superior Ct. 325, 48 A. 2d 56.

increased flow of surface water over his land arising merely from changes in the character of the surface produced by the opening of streets and the building of houses in the ordinary and regular course of the expansion of the city, may not divert the water onto another's land through the medium of artificial channels.

What, then, are the facts in the present case? The chancellor found that defendant's land was higher than the adjoining land of plaintiff; that both tracts were farm land located in a rural rather than an urban area; that plaintiff had farmed his land continuously for many years; that a portion of defendant's tract, prior to its development, had drained in a diffused state through a swale ending in a low point or hollow area located partly in each tract; that defendant divided its tract into lots, laid out and paved streets, graded the lots toward the streets, and constructed houses thereon; that, as a result, the surface waters drained down the streets to a point at their intersection near the mouth or funnel of the swale which was a low point in the contour of the land; that defendant, by a two-foot excavation, lowered it still more; that in order to dispose of the surface waters thus collected at that point defendant not only narrowed the mouth of the swale but cut a channel approximately 30 to 36 feet wide and 9 feet deep through a bank of earth it had previously erected across the mouth of the swale, thereby funnelling the water into a body and discharging it with greater force and in increased quantities at a particular point on plaintiff's land; that defendant also uprooted trees on its property and piled them, together with other debris, in a low spot on an undeveloped part of its own land whereby it further diverted surface water from the portion of the hollow on its own land into the portion on plaintiff's land; that

prior to defendant's operations no damage was occasioned to plaintiff's land by the natural flow of surface waters and there was no interference with plaintiff's farming operations, but as a result of defendant's conduct a gulley or ditch had been washed or eroded from the artificial channel created by defendant across its land to the uprooted trees piled in the hollow on its land, and surface water accumulating in this hollow has overflowed and washed a gulley or ditch across plaintiff's land which gutter varies in depth from 18 inches to 3 feet and in width from 5 to 16 feet, and prevents access between the separated parts of plaintiff's field and prevents him from farming a large portion of his land. In substance, therefore, what the chancellor found was that "Defendant has diverted the natural flow of the surface water from its property onto and over [plaintiff's] field by concentrating the water at an artificial point of flow and by cutting an artificial channel, which natural flow of surface water, in the absence of these acts of defendants, would naturally be diffused and be dissipated in the main into the low point or hollow upon defendant's own premises." There was adequate testimony to support these findings, all of which were approved by the court en banc. It is true that defendant contended that in discharging surface water from its land it had made use of a natural watercourse and had not diverted the water artificially, but the court was not obliged to give credence to the testimony of defendant's principal witness on that point even though he was a professional engineer who testified to grade and elevation measurements in an attempt to prove that defendant did not change the pre-existing watershed.

It is clear, when the principles of law above stated are applied to the factual findings of the court, that plaintiff was entitled to the injunction which the court

granted and which ordered defendant to cease and desist from collecting and concentrating the surface water on its land and discharging it in a body through ditches or artificial channels upon the plaintiff's farm.

Decree affirmed at appellant's cost.