Ciletti, Appellant, *v.* Washington.

Argued May 26, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Clyde P. Bailey,* with him *Anthony L. Marino, Eugene C. Sloan* and *Weller, Wicks & Wallace,* for appellants.

*Elder W. Marshall,* with him *Gilbert J. Helwig, Alexander R. Curran, Barron P. McCune, Williams S. Yard, Meyer Goldfarb, Charles Denby, Reed, Smith, Shaw & McClay; Morgan, Lewis & Bockius,* and *Bloom, Bloom & Yard,* for appellees.

OPINION BY MR. JUSTICE CHIDSEY, September 27, 1954:

Lucian J. Ciletti, George H. Krause and Allan Schultz, citizens, residents and taxpayers of the third class City of Washington, Washington County, Pennsylvania, on their own behalf and in behalf of other citizens and taxpayers of the City of Washington and of the Borough of East Washington, on December 4, 1953, filed a complaint in equity against the City, the Borough, the Washington-East Washington Joint Authority, The Citizens' Water Company and Mellon National Bank and Trust Company, Trustee. Plaintiffs sought to enjoin the defendants from the imposition and collection of sewer rentals or charges, and to have the court declare fraudulent, unlawful, unconstitutional and void various ordinances and agreements under which the defendant Authority has proceeded to provide sewer service to the defendant municipalities.

Before hearing upon plaintiffs' application for a preliminary injunction, a preliminary objection to the complaint in the nature of a demurrer that it failed to set forth a cause of action was sustained with a limited leave to the plaintiffs to amend.[1] The plain-

---

[1] Defendants also interposed a preliminary objection that the plaintiffs were precluded by laches from obtaining the relief prayed for. The court overruled this objection, holding that the question of laches ordinarily determinable only after a full hearing, was here prematurely raised.

tiffs have appealed. Ordinarily where preliminary objections are filed and leave to amend is granted, such action by the court below will be considered interlocutory and not an appealable final decree. However, plaintiffs contend that the leave to amend was so limited in scope that the court's order was definitive and final in effect.

From the averments of the complaint, it appears that the City and Borough had passed ordinances authorizing the creation of the Authority for the purpose of constructing and/or otherwise providing facilities necessary to furnish the treatment of sewage wastes from the City and Borough. The charter of the Authority gave it some additional related powers. The Authority sold sewer revenue bonds in the principal amount of $2,650,000, under the terms and conditions of a trust indenture with Mellon National Bank and Trust Company as trustee, to provide debt service payments required under the terms of the indenture and to provide for the expense of operating the sewer system; the Authority entered into agreements with the City and Borough providing that the Authority would render sewage service to the municipalities in return for certain annual service charges measured by the requirements for operating the systems and debt service on the bonds. These agreements provide that the municipalities shall levy rates and charges against users of the sewer system in order to provide the funds necessary to make the service charge payments. Ordinances were enacted by the City and Borough in furtherance of these agreements. These agreements further authorized the Authority to collect the sewer charges so levied, to deposit such charges in separate accounts of the municipalities and to make withdrawals from those accounts in order to take care of the annual service charges due from the municipalities to

the Authority. Further, the Authority entered into a service agreement with Citizens' Water Company of Washington, a privately owned corporation, under the terms of which the Water Company agreed to take care of all billing, collecting and adjusting activities. The Authority employed a consulting engineer to handle all problems in the operation and maintenance of the sewage and treatment system and this was in conformity with the terms of the trust indenture and the agreements with the municipalities. The Authority also entered into a contract with the Municipal Management Company, under the terms of which the Management Company acts as general manager of the sewer business, and agrees to maintain the Authority's general books of account, to hire and discharge all personnel, do all purchasing of material and supplies, to supervise the adequacy of sewer rate schedules and the inspection of new machinery and equipment, and to provide advice and assistance in the operation of the project. There were attached to the complaint, as exhibits, copies of the ordinances of the municipalities, of the various agreements and of the trust indenture.

The complaint proceeds to attack the entire project. In its averments it attacks the constitutionality of the Municipal Authorities Act of 1945 as amended and supplemented, under which the Authority was created, and also asserts (on the assumption that the Authorities Act is constitutional and the Authority properly created in the first instance), that it initially sold the bonds for financing the project to one bidder at an excessive interest rate, without negotiating for or soliciting lower rates and failed to take proper steps to protect the plaintiffs and other citizens in the solicitation of divers contracts for the construction of the sewage treatment facilities; that the Authority unlawfully exceeded its powers in undertaking to con-

struct, operate and maintain a complete internal sewer system whereas it was created for the purpose only of providing facilities necessary for the treatment of sewage wastes; that it unlawfully and unconstitutionally delegated its powers to the consulting engineer employed by it and to the Municipal Management Company; that the contracts with the engineer and this company together with the contract with the Citizens' Water Company resulted in duplication of services with consequent unnecessary and excessive cost of operation; that the Authority without advertising and without competition, unlawfully contracted obligations for printing and legal services in unreasonable and excessive amounts.

The complaint challenges the validity of various ordinances adopted by the municipalities in furtherance of the project and of the agreements entered into by the municipalities with the Authority pursuant thereto. It is averred that these ordinances were enacted and the agreements entered into without proper notice, and that the ordinances, agreements and the trust indenture are fraudulent, unlawful, unconstitutional and void in attempting to impose costs of a sewer system beyond the needs and requirements of the municipalities, and as well in providing for payment by the citizens of the municipalities of sewer rentals for the use of a sewer treatment plant before its construction.

The court's order sustained the defendants' preliminary objection that the complaint did not state a cause of action ". . . with leave to the plaintiffs to file an amended complaint within forty-five (45) days, limiting the cause of action to be therein stated to the determination of the reasonableness and uniformity of the rates and other charges fixed, charged, collected, or to be fixed, altered, charged, or collected by the

Washington-East Washington Joint Authority, or by their agents, in the manner provided by the Municipal Authorities Act of May 2, 1945, as amended; . . .". The Municipal Authorities Act of 1945, provides in §4 as amended, 53 PS §2900z-5: ". . . Any person questioning the reasonableness or uniformity of any rate fixed by any Authority may bring suit against the Authority in the court of common pleas of the county wherein the project is located, or if the project is located in more than one county then in the court of common pleas of the county wherein the principal office of the project is located. The court of common pleas shall have exclusive jurisdiction to determine the reasonableness and uniformity of rates and other charges fixed, altered, charged or collected by an Authority . . .".

Appellants complain that the order converted their action into a "rate case" limiting them to establishing only the unreasonableness of the rentals or charges for service, whereas they sought to prevent the imposition of any rentals or charges on the grounds set forth in their complaint, especially their attack upon the validity of the various ordinances and agreements.

We deem it unnecessary to construe the provision of the Municipal Authorities Act above quoted and to decide whether appellants would be limited in their proof as they claim for we are of the opinion that they should have been allowed to amend generally. As the court below states in its opinion: ". . . the gravamen of the complaint of the plaintiffs is the question of the merits of the project as a whole.". We agree with the court below that the facts in the lengthy bill of complaint are inadequately averred but we cannot say that it was so barren in its averments as to foreclose amendments in particularization and support of its major charges.

It is true that the appellants apparently conceded the constitutionality of the Municipal Authorities Act in the court below, but they insist that they at no time abandoned their attacks upon the validity of the various ordinances and agreements involved; and that the court below must have misconstrued their position in this regard when it stated they had waived their challenge of the constitutionality and legality of the ordinances and agreements.

In *Gallagher v. Merry*, 366 Pa. 258, 77 A. 2d 379, we said at p. 261: "It is more desirable, when fraud is charged, to pass upon the merits of the cases rather than to rely upon technicalities of pleading. As was said by Justice KEPHART (later Chief Justice) in Custis v. Serrill et al., 303 Pa. 267, 272, 154 A. 487: 'Where a motion to dismiss a bill for insufficient pleadings is made and it is not clear whether they are objectionable on that account, but, because of the nature of the action, a broad inquiry into the facts should be made, the court should refuse to dismiss the bill in such doubtful cases and proceed to a full hearing . . .'".

Appellees claim that the ordinances and agreements in question are constitutional and valid and with much force contend that the averments in the complaint attacking them are insupportable conclusions of law which cannot be fortified or upheld by any additional averments of fact. But this remains to be seen. In any event we are without the benefit of any discussion or opinion by the court below in this regard.

We think that the court's disposition of the matter was too summary and that appellants should be afforded the right to amend generally.

The order of the court is set aside with procedendo in accordance with this opinion. Costs to abide the event.