## Westbury Realty Corp., Appellant, *v.* Lancaster Shopping Center, Inc.

384

Argued May 4, 1959.  Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and MCBRIDE, JJ.

*Carl A. Wiker,* for appellants.

*William C. Storb,* with him *Stein, Storb and Mann,* for appellees.

*Bernard M. Zimmerman,* and *Brown and Zimmerman,* for appellee.

OPINION BY MR. JUSTICE COHEN, July 2, 1959:

Appellants, owners of lots in a building development known as Glenmore, and Westbury Realty Corp., owners of the unsold portion of Glenmore, brought an action in equity to enjoin the appellees from discharging surface water onto appellants' land and to provide an adequate disposal system for this water so as to discontinue further damage.

The land which appellants own is on the west side of Lititz Pike in Manheim Township, Lancaster County. Directly across the Pike, the appellees (Lancaster Shopping Center, Algon Realty Company and Sears, Roebuck & Company) own a seventeen acre tract upon which they built stores and macadamized the remaining portion. Prior to the improvement of this land by appellees, the surface water which collected was drained by means of an eighteen inch pipe which had been installed by the Department of Highways under Lititz Pike and discharged onto the land of appellants. Because natural seepage was prevented by the paving and buildings, the amount of surface water drained was greatly increased so that the eighteen inch pipe was not sufficient to accommodate this flow. The excess water flowed across the Pike onto the land of the appellants and caused water to enter the basements of the dwellings and flood the undeveloped land, making it unfit for construction purposes.

Preliminary objections, in the nature of a demurrer filed by the appellees, stated that the complaint failed to make out a cause of action upon which equitable

relief could be granted. The lower court found that since the complaint did not aver negligence or the creation of an artificial channel by which the water was collected and discharged onto appellants' land, a cause of action had not been alleged. The order sustaining the preliminary objections gave leave to appellants to file an amended complaint within twenty days. Nineteen days after the order by the court *en banc,* the appellants, rather than amend their complaint, filed this appeal.

Usually, where preliminary objections are sustained with leave to file an amended complaint, the action by the court is merely interlocutory and not an appealable final decree. However, where the leave to amend is limited in scope, the court's order becomes definitive and appealable. *Ciletti v. Washington,* 378 Pa. 641, 107 A. 2d 871 (1954). The instant case is such a situation.

The complaint stated: "18. That prior to the aforesaid construction and paving by defendants, the Department of Highways had installed an eighteen (18) inch pipe under the Lititz Pike to take surface water from the unimproved tract now improved by the defendants. . . . 19. That this water was discharged on the tract now owned and developed by Westbury Realty Corp. 20. That after the defendant macadamed the area aforesaid, the surface water from this tract was discharged into the aforesaid eighteen (18) inch pipe and also over the aforesaid Lititz Pike unto the tracks (sic) of land owned by the plaintiffs. 21. That the aforesaid flow of water was greatly increased. . . . 24. That the aforesaid defendants . . . changed the grade and regraded their aforesaid tracts of land, thereby increasing the flow of surface water unto the plaintiffs' land."

The appellants admit that they could not show negligence, nor could they allege any channelling of water other than above. This being the case, the leave granted

by the court to amend could not be utilized, and the order became appealable.

For some time the law of this Commonwealth has established the relative rights of landowners concerning the flow of surface water. Mr. Chief Justice HORACE STERN clearly summarized the law in *Rau v. Wilden Acres, Inc.*, 376 Pa. 493, 494, 103 A. 2d 422 (1954), where he said: "A landowner may not alter the natural flow of surface water on his property by concentrating it in an artificial channel and discharging it upon the lower land of his neighbor even though no more water is thereby collected than would naturally have flowed upon the neighbor's land in a diffused condition. One may make improvements upon his own land, especially in the development of urban property, grade it and build upon it, without liability for an incidental effect upon adjoining property even though there may result some additional flow of surface water thereon through a natural watercourse, but he may not, by artificial means, gather the water into a body and precipitate it upon his neighbor's property."

Mr. Justice DREW in an earlier case, *Lucas et ux v. Ford et al.*, 363 Pa. 153, 156, 69 A. 2d 114 (1949), said that "where the water is diverted from its natural channel or where it is *unreasonably or unnecessarily changed in quantity or quality* . . . the lower owner received a legal injury." (Emphasis supplied).

Upon a careful examination of the facts it becomes apparent that this situation requires a new approach. Here, we are confronted with the development of a large shopping center which has covered seventeen acres of natural soil with non-porous material and buildings which prevent the natural seepage and substantially increase the flow of surface waters. The shopping center is not equipped with a storm sewer system, as it would be were it in an urban center, therefore, this

tremendously increased quantity of water must be disposed of on the surface.

Even though the shopping center is developed in a rural section, the center has all the characteristics of an urban development. This requires new attitudes, both on behalf of the developers as well as the court. While the owners of higher lands have the right to have the water flowing from their lands discharged in a natural watercourse upon the lower lands, and while the upper lands may increase the flow through the natural and reasonable use of the lands, a large shopping center development in a rural area, as in the instant case, cannot be considered a natural use of the land. It surely was not a contemplated use of the land when our concepts of water flow were developed. Rather, it is an artificial use of the land for which the developers must make the proper accommodation so as not to place the burden of the increased flow upon the servient tenement.

The balancing of the equities clearly indicates that the appellants should not have been denied an opportunity to proceed with a hearing. The complaint alleges that the water drainage hardship could have been prevented by the expenditure of $9,600 representing the cost of construction of an adequate drainage facility. When one considers the total investment made by the appellees in this seventeen acre shopping center project, the sum of $9,600 to remedy an abuse which they occasioned seems rather insignificant.

The lower court was in error in sustaining the preliminary objections since the complaint states a cause of action.

Order reversed with a procendendo at appellees' cost.

DISSENTING OPINION BY MR. JUSTICE BELL:

I dissent—See: *Rau v. Wilden Acres*, 376 Pa. 493, 494, 103 A. 2d 422, and 18 cases cited therein; *Leiper v. Heywood-Hall Construction Co.*, 381 Pa. 317, 320, 321, 113 A. 2d 148, and cases cited.

If, notwithstanding all these decisions, the Court desires—as the majority do—to change the law, then the least the Court can do is to make the new standards clear and certain so that the parties will know their rights and limitations, and costly litigation will thereby be avoided.

I dissent from the majority opinion for the additional reason that in my judgment it sets up no clearly lighted signposts or standards, and it will therefore generate prolific litigation.

The province and duty of an appellate Court is to erect and maintain clear and well lighted signs, signposts and landmarks so that "he that runs may read"; and by establishing clear and certain standards, thereby eliminate a multiplicity of costly and vexatious suits.