NORTHEASTERN PENNSYLVANIA NATIONAL BANK AND TRUST COMPANY, Trustee under Will of J. Curtis Platt, Deceased, et al., Plaintiffs,

v.

SANDVICK STEEL, INC., a Delaware Corporation, Defendant.

Civ. A. No. 70–409.

United States District Court, M. D. Pennsylvania.

March 31, 1971.

Robert P. Browning, Oliver, Price & Rhodes, Scranton, Pa., Carl Carey, Scranton, Pa., for plaintiffs.

James O'Brien, Kennedy, O'Brien & O'Brien, Scranton, Pa., for defendant.

## OPINION

MUIR, District Judge.

This action is before the Court on motion by defendant to dismiss the complaint. The motion will be denied.

Plaintiffs are residents of Lackawanna County, Pennsylvania. Defendant, a Delaware corporation with its principal place of business in Fairlawn, New Jersey, is presently constructing a steel plant in Scott Township, Lackawanna County.

The plaintiffs with the exception of Welch and Reynolds live to the west of defendant's land in Abington Township.

Plaintiffs allege that about 1,000 feet west of the defendant's tract of land there exists a swamp owned by the

plaintiffs Brooks, Welch, and Reynolds. This swamp, they claim, forms the headwaters of a brook known as Ackerly Creek which runs in a westerly course through lands owned by the plaintiffs. The brook empties into a large pond owned by the plaintiff Platt.

Plaintiffs further allege that the normal and natural flow of water or drainage from the defendant's tract of land is easterly into a brook known as Kennedy Creek. They claim that at no time has the natural flow of water or drainage from the defendant's tract of land been westerly into the swamp or Ackerly Creek.

In the operation of its steel plant, plaintiffs contend that the defendant intends to use large quantities of water which will be discharged in a westerly direction into the swamp and Ackerly Creek and hence, on or through the plaintiffs' lands. Plaintiffs state that the water so discharged will contain chemicals and other obnoxious or dangerous substances. Additionally the complaint alleges that defendant intends to discharge in a westerly direction the effluent from a private sewage plant to be erected on the land.

Since they contend that the defendant's tract of land is not part of the natural or normal watershed of the swamp and Ackerly Creek, and that defendant is not a riparian owner of the swamp or creek, plaintiffs seek an injunction restraining the defendant from engaging in this activity. The jurisdiction of this court is invoked under the provisions of 28 U.S.C. § 1332(a).

In the motion to dismiss, defendant argues that: (1) the complaint fails to state a claim upon which relief can be granted; (2) the court lacks jurisdiction over the subject matter since the requisite jurisdictional amount has not been satisfied; and (3) assuming the court has jurisdiction, the suit should be dismissed because (a) the doctrine of abstention is applicable, (b) the suit is premature, and (c) plaintiffs have an adequate remedy under the Pennsylvania Pure Streams Act, 35 P.S. § 691.1 et seq.

Attached to the motion to dismiss is the affidavit of the manager of defendant's operation in Lackawanna County. Affiant states that an application for leave to discharge the water generated by the steel operation into Ackerly Creek is presently pending before the Sanitary Water Board of the Pennsylvania Department of Health. The issues will be discussed seriatim.

Defendant contends that the complaint should be dismissed for failure to state a claim since the allegations are vague and conclusory and since the imminence of harm required to sustain an injunction is not pleaded.

Plaintiffs, on the other hand, contend that the facts pleaded are sufficient to state a cause of action on theories sounding both in tort and property law concepts.

■■ It is settled that a complaint should not be dismissed for failure to state a claim unless it appears to a certainty that the plaintiff is entitled to no relief under any set of facts which could be proved in support of the claim. 2A Moore's Federal Practice § 12.08. In the instant case, plaintiffs have, in my view, pleaded sufficient facts to overcome such an objection. In this regard, the critical facts are that (a) defendant intends to divert by artificial means the natural flow of water over its lands, and (b) that as a result, an unreasonable amount of water will flow over the tracts of land owned by the plaintiffs. In Lucas et ux. v. Ford et al., 363 Pa. 153, 156, 69 A.2d 114, 116, the court said: "it is clear that only where the water is diverted from its natural channel or where it is unreasonably or unnecessarily changed in quantity or quality has the lower owner received a legal injury." It is obvious, therefore, that there is neither an absence of law to support the claim made, nor facts sufficient to support the claim.

Next, defendant contends that this court lacks jurisdiction over the subject matter because the amount in controversy is less than $10,000.00. Defendant argues that in injunction actions, plaintiffs are not permitted to aggregate the amounts of their respective claims to establish jurisdiction. Plaintiffs do not contest the legal proposition that they are not permitted to aggregate, but rather assert that the jurisdictional amount is to be determined or based upon the value of the rights to be protected or the extent of the injuries sought to be avoided. Thus, they argue that the court should look not only to the value of plaintiffs' interest, but also to the cost to the defendant if the court were to grant the injunction.

Plaintiffs' argument points to the real issue here, *i. e.* where the court should look in order to determine the value which represents the amount in controversy.

There are two schools of decision. The first, referred to as the "plaintiff's viewpoint rule" holds that in injunction cases, the court should look only to the benefit to the plaintiff. Thus, in Glenwood Light and Water Co. v. Mutual Light, Heat and Power Co., 239 U.S. 121, 36 S.Ct. 30, 60 L.Ed. 174 (1915), where the plaintiff sought to restrain the defendant from erecting poles and wires, the court ruled that:

> The district court erred in testing the jurisdiction by the amount that it would cost defendant to remove its poles and wires where they conflict or interfere with those of complainant, and replacing them in such a position as to avoid the interference. Complainant sets up a right to maintain and operate its plant and conduct its business free from wrongful interference by defendant. This right is alleged to be of a value in excess of the jurisdictional amount, and at the hearing no question seems to have been made but that it has such value. *The relief sought* is the protection of that right, now and in the future, and

the value of that protection is determinative of the jurisdiction.

The second line of decisions holds that the court may look to the object sought to be accomplished by the action, *i. e.* the test is the pecuniary result to either party. See Hatridge v. Aetna Casualty and Sur. Co., 415 F.2d 809 (8th Cir. 1969).

The prevailing test, which we adopt, appears to be the "plaintiff's viewpoint" rule. 1 Moore's Federal Practice §§ 091 [1], 0.96 [2]. See also State of Delaware ex rel. Trader v. Hodsdon, 265 F.Supp. 308 (D.Delaware 1967). Ruling that the jurisdictional amount is to be measured from the vantage point of the plaintiffs' damages is not, however, the end of our inquiry. In order to grant defendant's motion, it must appear with legal certainty that the claim of each plaintiff cannot possibly reach the requisite jurisdictional level. Gullborg v. Rizzo, 331 F.2d 557 (3d Cir. 1964). While the court has grave doubts at this point as to whether some or all of the claims are sufficient, it is impossible on the record as it now exists to make such a definitive ruling. For example, we do not know whether the increase in water in Ackerly Creek will entirely destroy the use of each plaintiff's land or whether the injury threatened to the property is minimal. For these reasons, therefore, we will deny the motion to dismiss for lack of subject matter at this time.

Defendant finally argues that even assuming the court has jurisdiction over the subject matter, the action should be dismissed on the grounds (a) of the doctrine of abstention; (b) because it is premature and (c) because plaintiffs have failed to exhaust their administrative remedies.

In support of the argument that this court should abstain from entertaining the action, defendant cites the case of Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). *Burford* involved an attack upon the validity of a proration order of the Texas Rail-

road Commission granting a permit to petitioner to drill four oil wells. An injunction action was brought in the Federal District Court which dismissed the action. The Supreme Court held that the District Court should have dismissed since the issues raised in the complaint involved a specialized aspect of a complicated regulatory system of local law, which should be left to the local administrative bodies and courts.

 Defendant argues that the *Burford* doctrine of abstention is applicable to the facts of this case since the matter is pending before the Pennsylvania Sanitary Water Board. If, as defendant claims, the complaint were limited to an attempt by plaintiffs to restrain the defendant from discharging industrial waste into a brook or water course, we would agree that the doctrine of abstention would compel dismissal until the regulatory system provided under state law had been utilized. However, the instant complaint involves more than the question of water pollution. It also raises issues regarding the diversion of waters from the natural watershed into a distinctly different, unrelated watershed and the property damage which would ensue. These matters are wholly beyond the jurisdiction and competence of the State Sanitary Water Board. This court cannot abstain where the action between the parties is of a common-law variety, even though the case may entail the resolution of difficult questions of state law. See Meredith v. City of Winter Haven, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943).

 Defendant's argument that the action is premature is similarly untenable. In Erie v. Gulf Oil Corporation, 395 Pa. 383, 150 A.2d 351 (1959), the Supreme Court of Pa. ruled that an anticipated nuisance could be enjoined if the proposed construction or use to be made of property will be a nuisance *per se*, or that, while not a nuisance *per se*, under the circumstances, a nuisance in fact will result.

 Finally, defendant's argument to the effect that plaintiffs have an administrative remedy available fails to take into account the allegations and contentions made in the complaint other than the issue of water pollution. The Pennsylvania Pure Streams Act, 35 P.S. § 691.1 *et seq.* does not provide a remedy sufficient to redress all of the plaintiffs' grievances. In Commonwealth ex rel. Shumaker v. New York and Pennsylvania Company, Inc., 367 Pa. 40, 79 A.2d 439 (1951), the court recognized the limitations of the Act. The court ruled that a Court of Common Pleas had jurisdiction to entertain an equity action despite the pendency of an application before the Sanitary Water Board. The Act itself provides in Section 691.701:

It is hereby declared to be the purpose of this act to provide additional and cumulative remedies to abate the pollution of the waters * * *, and nothing in this act contained shall in any way abridge or alter rights of action or remedies now or hereafter existing in equity, or under the common law or statutory law, criminal or civil, nor shall any provision in this act * * * be construed as estopping * * * persons * * * in the exercise of their rights under the common law or decisional law or in equity, from proceeding in courts of law or equity to suppress nuisances, or to abate any pollution now or hereafter existing * * *".

The requirement that a plaintiff exhaust administrative remedies before applying for judicial relief presupposes that the remedy is an effective one. Marsh v. County School Board of Roanoke County, Va., 305 F.2d. 94 (4th Cir. 1962). The Pennsylvania Pure Streams Act does not afford a sufficient remedy to bar this action.

An Order will be entered denying the motion to dismiss.