Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Rollins Outdoor Advertising Co., Inc., Appellee.

Argued December 13, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Richelle D. Sanders*, Assistant Counsel, with him *Ward T. Williams*, Chier Counsel, and *Jay C. Waldman*, General Counsel, for appellant.

*Leon W. Silverman*, for appellee.

OPINION BY JUDGE WILLIAMS, JR., August 25, 1983:

Consolidated for argument and disposition are two appeals from orders of the Court of Common Pleas of Philadelphia County dismissing the Pennsylvania Department of Transportation's (PennDOT or Appellant) complaint in ejectment (order of March 26, 1981) and denying PennDOT's motion for the issuance of writ of seizure (order of July 13, 1981).

In April 1975, PennDOT and Rollins Outdoor Advertising Company, Inc. (Rollins or Appellee),

entered into a lease agreement whereby PennDOT agreed to lease, on a renewable month to month basis, eleven (11) outdoor advertising billboards to Rollins. On August 3, 1978, PennDOT apprised Rollins that the lease would be terminated as of September 30, 1978, and that the lease would be awarded, effective October 1, 1978, to the highest bidder.

Upon Rollins' failure to cease its use of the billboards, and seeking to regain possession of its property, PennDOT filed a complaint in ejectment in common pleas court. Concluding that ejectment is an action for the recovery of land, and that the eleven (11) billboards are not realty either in common law or within the intendment of the ejectment procedural rules, Pa. R.C.P. Nos. 1051-58, the Court, in its March 26, 1981 order, sustained Rollins' preliminary objections in the form of a demurrer to the complaint in ejectment and granted PennDOT twenty (20) days in which to amend its complaint. PennDOT subsequently appealed from that order to this Court on April 15, 1981 (No. 1947 Commonwealth Docket 1981).

PennDOT further filed a motion for the issuance of a writ of seizure and an amended complaint in replevin in the common pleas court on April 10, 1981. On July 13, 1981, after hearing oral argument and concluding that the pendency of PennDOT's appeal from the order of March 26, 1981 divested it of jurisdiction, the common pleas court denied PennDOT's motion for writ of seizure. PennDOT timely appealed from the July 13, 1981 order of the court of common pleas to this Court (No. 1882 Commonwealth Docket 1981).

Before the merits of PennDOT's appeal from the March 26, 1981 order of the court of common pleas dismissing, with leave to amend, appellant's complaint in ejectment, can be addressed, we must determine

whether the order appealed from is final or interlocutory. For it is axiomatic that this Court has appellate jurisdiction only over final orders of the courts of common pleas; and unless expressly provided for by statute or rule,[1] no appeal lies from an interlocutory order to this Court. Section 762(a) of the Judicial Code, 42 Pa. C. S. §762(a); *Husted v. Board of Directors of Wellsboro Area School District*, 57 Pa. Commonwealth Ct. 520, 523, 427 A.2d 272, 274 (1981). Further, although neither party has questioned the appellate jurisdiction of this Court to review the lower court's order, we may address the issue of our subject matter jurisdiction of that appeal, *sua sponte. Id.*

Generally, where preliminary objections are sustained and a party is granted leave to amend the pleadings, the lower court's action is interlocutory and not an appealable final decree. *See, Stanford v. Casasanta*, 437 Pa. 429, 263 A.2d 326 (1970); *Westburg Realty Corporation v. Lancaster Shopping Center*, 396 Pa. 383, 152 A.2d 669 (1959); and *Tate v. MacFarland*, 303 Pa. Superior Ct. 182, 449 A.2d 639 (1982). However, if the scope of the leave to amend is so constricted that as a practical matter the party is put out of court, the lower court's order is final in effect and an appeal will lie. *Ciletti v. City of Washington*, 378 Pa. 641, 107 A.2d 871 (1954). Thus an order is final and appealable if it "precludes a party from

---

[1] *See,* Section 5105(c) of the Judicial Code, 42 Pa. C. S. §5105(c) (granting right of appeal from interlocutory order if allowed by law or rule); Section 702(b) of the Judicial Code, 42 Pa. C. S. §702(b) (giving discretion to appellate court to permit an appeal from an interlocutory order upon lower court certifying that order involves controlling question of law about which there exists substantial ground for difference of opinion and that an immediate appeal may materially advance ultimate termination of matter); Pa. R.A.P. 311 (interlocutory appeals as of right) and Pa. R.A.P. 1311 (interlocutory appeals by permission).

presenting the merits of his claim to the lower court." *Marino Estate*, 440 Pa. 492, 494, 269 A.2d 645, 646 (1970).

While the lower court's order of March 26, 1981, sustained preliminary objections in the nature of a demurrer to Appellant's complaint in ejectment, the order did not end litigation or put PennDOT out of court since PennDOT was permitted to amend its complaint and pursue its claim under a different theory of the case. *See, Husted; Graybill v. Fricke*, 53 Pa. Commonwealth Ct. 8, 416 A.2d 626 (1980). Moreover, PennDOT's subsequent filing of an amended complaint in replevin indicates that the order's leave to amend was not so limited in scope as to render the order final and appealable. *Cf., Ciletti*. We therefore conclude that the common pleas court order dated March 26, 1981, is interlocutory. Since the order is not rendered appealable by statute or rule, we are without jurisdiction to rule on the merits of PennDOT's appeal from the March 26, 1981, order of the lower court. We therefore quash this appeal.

Regarding PennDOT's appeal (No. 1882 Commonwealth Docket 1981) from the common pleas court order dated July 13, 1981, denying Appellant's motion for writ of seizure and Appellee's preliminary objections for jurisdictional reasons, we remand for prompt disposition PennDOT's motion for writ of seizure and amended complaint in replevin.

ORDER

AND Now, this 25th day of August, 1983, the appeal from the order of the Court of Common Pleas of Philadelphia County, dated March 26, 1981, is hereby quashed.

The appeal from the order of the Court of Common Pleas of Philadelphia County, dated July 13,

1981, is sustained and the record is remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.