491 A.2d 1356

**Mathilde MOELLER, Appellant,**

v.

**Alfred METZGER and Martha Metzger, his wife, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 18, 1984.

Filed March 15, 1985.

Reargument Denied May 15, 1985.

478

John T. Stieh, Milford, for appellant.

Stephen A. McBride, Milford, for appellees.

Before WIEAND, DEL SOLE and POPOVICH, JJ.

PER CURIAM:

Mathilde Moeller commenced an action in equity to enjoin the flooding of her Pike County real estate by water emanating from an artesian well owned by her neighbors, Alfred and Martha Metzger. After the presentation of plaintiff's evidence, the trial court entered a compulsory nonsuit which it later refused to remove. This appeal followed. We reverse.

■ The law is clear that a nonsuit can be entered in an equity action only in clear cases. The plaintiff must be given the benefit of all evidence favorable to her, together with all reasonable inferences of fact arising therefrom, and any conflict in the evidence must be resolved in her favor. *McConnell v. Estate of Wells*, 259 Pa.Super. 286, 290, 393 A.2d 830, 832 (1978). See also: *Engle v. Spino*, 425 Pa. 254, 256, 228 A.2d 745, 746 (1967).

The trial court granted a nonsuit "because plaintiff could not prove damages." The court explained further:

Plaintiff's testimony did not establish the cause of death at [sic] her plants. They could have died because of the runoff, because of winter, or due to natural causes. Defendant's well was rebored in 1980 starting a fresh runoff. Plaintiff testified that she then left her home and spent the winter of 1980–1981 in the city with her sister. When she came back in the spring her raspberry bushes were gone. Record at 106. Plaintiff never saw her bushes die. Without this testimony she was unable to establish damages and the Court was forced to grant a Non-Suit.

■ This was error. In the first place, proof of the cause of the death of plaintiff's flowers was not an essential element in her cause of action. The primary relief requested by the plaintiff was an order enjoining the flooding of her land by water coming from defendant's artesian well. The fact that plaintiff's land had been flooded and the source of the invading water were established by oral testimony and by photographic evidence. The evidence also showed that the flow of water had been concentrated artificially in pipes and in a ditch and then allowed to flow onto plaintiff's land. This evidence was sufficient, if found credible, to warrant equitable relief. *McCormick Coal Co. v. Schubert*, 379 Pa. 309, 311, 108 A.2d 723, 724–725 (1954); *Rau v. Wilden Acres, Inc.*, 376 Pa. 493, 103 A.2d 422 (1954); *Ridgeway Court, Inc. v. Landon Courts, Inc.*, 295 Pa.Super. 493, 442 A.2d 246 (1981); *Elliott v. H.B. Alexander & Son, Inc.*, 41 Pa.Cmwlth. 184, 399 A.2d 1130 (1979).

480

With respect to the damages caused by the neighbors' water, moreover, appellant's expert witness, Lynnwood Scholl, Jr., testified that water from the Metzger property had washed out appellant's raspberry bushes. The court also received in evidence, without objection, an estimate of the cost of replacing the bushes which had been prepared by Scholl.

Whether appellant's evidence will ultimately be found reliable we cannot say. It is eminently clear, however, that the trial court's entry of a compulsory nonsuit was premature.

Reversed and remanded for a new trial.

Jurisdiction is not retained.