# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James A. Paluch, Jr.,                           :
                                                :
    Appellant                 :
                                                :
    v.                        : No. 2126 C.D. 2014
                                                : Submitted: May 22, 2015
John S. Shaffer, Tanya Brandt,                  :
Lance Couturier, John M. DiLeonardo,            :
Sylvia Gibson, David Markley, Frederick         :
Mave, Lori Prinkley, David Roberts,             :
Shirley Smeal-Moore                             :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
             HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                  **FILED: August 25, 2015**


James A. Paluch, Jr. appeals from an Order of the Court of Common Pleas of Somerset County (Trial Court) denying without prejudice his petition for leave to proceed *in forma pauperis* (Petition). Because the Order was not an appealable order under our Rules of Appellate Procedure, we quash this appeal.

On October 22, 2014, Paluch filed the Petition and a praecipe for writ of summons to commence a civil action naming Appellees as defendants. In the Petition, Paluch stated:

> 1. On August 27, 2007, [Plaintiff] commenced a civil
> action at law in this trial court against several employees

of the [Department of Corrections] for civil rights and other tort claims which remains pending...

2.   Pursuant to our Commonwealth's discovery rule, [Plaintiff] has discovered the names of other persons who were involved in the violation of his constitutional and civil rights who must answer for their misconduct.

...

4.  [Plaintiff] has a need to file an independent action at this time and in time to conform to the applicable statute of limitations.

(Record Item (R. Item) 1, Petition ¶¶1, 2.)

On October 29, 2014, the Trial Court entered the Order denying the Petition without prejudice.  (R. Item 2, Order.)   In the Order, the Trial Court explained that it appeared upon review of the Petition "that the cause of action will be barred by the statute of limitations against the various defendants arising out of conduct dating to 2007" and directed that Paluch "shall plead an applicable exception to the 'discovery rule['] for which the court may deem the allegations to be less than frivolous."  (*Id*.)  Paluch promptly appealed the Order to this Court, arguing that the Trial Court erred in dismissing the Petition without waiting for a complaint to be filed as required by Rule of Civil Procedure 240(j)(2)[1] and violated

---

[1] Rule 240(j) provides:

(1) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

(2) *If the petitioner commences the action by writ of summons, the court shall not act on the petition for leave to proceed in forma pauperis until the complaint is filed*. If the complaint has not been filed within ninety days of the filing of the petition, the court may dismiss the action pursuant to subdivision (j)(1).

his right of access to the courts and due process rights by subjecting his Petition to a merits review when he has only filed a praecipe for writ of summons.

As a threshold matter, we must first address whether the Trial Court's Order denying the Petition is an appealable order.[2] Generally, an appeal may be taken only from a final order. *Rae v. Pennsylvania Funeral Directors Association*, 977 A.2d 1121, 1124-25 (Pa. 2009); *In re Estate of Rowley*, 84 A.3d 337, 340 (Pa. Cmwlth. 2013). The purpose of limiting appellate review to final orders is to prevent piecemeal determinations and the consequent protraction of litigation. *In re Sheriff's Excess Proceeds Litigation*, 98 A.3d 706, 717 (Pa. Cmwlth. 2014); *Brophy v. Philadelphia Gas Works,* 921 A.2d 80, 86 (Pa. Cmwlth. 2007). A final order is any order that either (i) "disposes of all claims and of all parties," (ii) is expressly defined as a final order by statute, or (iii) disposes of less than all claims but is certified by the lower tribunal as final because an immediate appeal would facilitate resolution of the entire case. Pa. R.A.P. 341(b), (c); *Rae*, 977 A.2d at 1125. The Order in question is not expressly defined in a statute as a final order and was not certified as final by the Trial Court, and therefore we must determine whether the order "disposes of all claims and of all parties." Pa. R.A.P. 341(b)(1).

An order denying a petition to proceed *in forma pauperis* is ordinarily considered a final, appealable order because such an order effectively deprives the

---

Pa. R.C.P. No. 240(j) (emphasis added). Section 6602(e)(2) of the Prison Litigation Reform Act authorizes a trial court to "dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines [that]...[t]he prison conditions litigation is frivolous." 42 Pa. C.S. § 6602(e)(2).

[2] In a February 23, 2015 *per curiam* order, this Court directed the parties to address the appealability of the Trial Court's Order in their briefs. Whether an order is appealable is a question of law, as to which our standard of review is *de novo* and our scope of review is plenary. *Rae v. Pennsylvania Funeral Directors Association*, 977 A.2d 1121, 1126 n.8 (Pa. 2009).

3

litigant of a forum to pursue his claims. *Grant v. Blaine*, 868 A.2d 400, 402-03 (Pa. 2005); *Commonwealth v. Lepre*, 18 A.3d 1225, 1226 n.3 (Pa. Super. 2011); *Amrhein v. Amrhein*, 903 A.2d 17, 19 (Pa. Super. 2006). However, in this instance, the Trial Court denied the Petition without prejudice, giving Paluch an opportunity to amend the Petition to explain why his claims would not be barred by the statute of limitations. In *Hionis v. Concord Township*, 973 A.2d 1030 (Pa. Cmwlth. 2009), we addressed the appealability of a trial court order sustaining preliminary objections and granting leave to file an amended complaint within 20 days. We held that, despite the fact that the appellant did not wish to amend the complaint as permitted and instead desired immediate appellate review of the dismissal of the complaint, the order was not final because it did not dispose of "all claims."[3] *Id.* at 1035 (quoting Pa. R.A.P. 341(b)(1)); *see also Mier v. Stewart*, 683 A.2d 930, 930 (Pa. Super. 1996) ("For finality to occur, the trial court must dismiss with prejudice the complaint in full."). We recognized that, while some previous cases had held that an order sustaining preliminary objections with leave to amend could be immediately appealable where the plaintiff represented on appeal that he could not amend the pleading to satisfy the trial court, these cases were decided prior to the 1992 amendments to Rule 341, which imposed stricter limits on appealability by requiring that a final order must dispose of all claims and all parties. *Hionis*, 973 A.2d at 1034-35 (distinguishing *Westbury Realty Corp. v. Lancaster Shopping Center, Inc.*, 152 A.2d 669 (Pa. 1959), and *Local No. 163 v. Watkins*, 207 A.2d 776 (Pa. 1965)); *see also* Pa. R.A.P. 341, Note.

---

[3] We also held that the order dismissing the complaint without prejudice was not appealable for the additional reason that the trial court had not disposed of the claims against one of the defendants. *Hionis*, 973 A.2d at 1035.

4

In accordance with *Hionis*, we conclude that the Order here is not a final, appealable order. In dismissing the Petition, the Trial Court did not dispose of all the claims Paluch intended to assert against the Appellees; instead, the Trial Court made a provisional determination that the statute of limitations would act as a bar to Paluch's claims, but gave Paluch an opportunity to cure the defects in an amended Petition. *Cf. Commonwealth v. Waller*, 682 A.2d 1292, 1295 (Pa. Super. 1996) (holding that the dismissal of charges without prejudice was an interlocutory and non-appealable order because the Commonwealth could cure the defect and refile the charges). We recognize that in *Hionis* the order provided that the appellant must amend the complaint within 20 days, and we advised that the appellant could file a praecipe with the trial court to dismiss the complaint with prejudice after the expiration of this period and then appeal. *Hionis*, 973 A.2d at 1035-36. Nevertheless, the fact that the Trial Court here did not set a deadline does not alter that the Order did not definitively dismiss the Petition and it is therefore not a final, appealable order; the general rule that "a final order is required before an appeal may be taken is fundamental to the exercise of jurisdiction by the appellate court and is rigorously applied." *In re Sheriff's Excess Proceeds Litigation*, 98 A.3d at 706 (quoting *Brophy,* 921 A.2d at 86). Furthermore, we conclude that the procedural process outlined in *Hionis* of converting the Trial Court's interlocutory order to a final, appealable order by filing a praecipe with the trial court to dismiss the complaint with prejudice is also applicable here.

We further conclude that the Trial Court's Order is not appealable as an interlocutory or collateral order. An interlocutory order is appealable as of right only when it falls in certain enumerated categories, or by permission of the trial

court where the issue relates to a controlling question of law. Pa. R.A.P. 311; Pa. R.A.P. 312. The Order denying the Petition is not within one of these enumerated categories and the Trial Court did not grant Paluch permission to appeal the Order. A collateral order, which is appealable as of right, is an order that is (i) separable from and collateral to the main cause of action, (ii) involves an issue too important to be denied review, and (iii) presents an issue that will be irreparably lost if review is postponed. Pa. R.A.P. 313(a), (b). Regardless of whether the first two criteria are satisfied, the issue presented in this appeal will not be irreparably lost if we postpone review as Paluch can appeal following the Trial Court's ultimate determination on his Petition.

Accordingly, Paluch's appeal of the Order denying the Petition is quashed.

_____

JAMES GARDNER COLINS, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James A. Paluch, Jr.,        :
       :
      Appellant       :
       :
      v.       : No. 2126 C.D. 2014
       :
John S. Shaffer, Tanya Brandt,       :
Lance Couturier, John M. DiLeonardo,       :
Sylvia Gibson, David Markley, Frederick       :
Mave, Lori Prinkley, David Roberts,       :
Shirley Smeal-Moore       :

# **O R D E R**

AND NOW, this 25th day of August, 2015, the appeal in the above-captioned matter is hereby QUASHED.

_____

JAMES GARDNER COLINS, Senior Judge